UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Cesar Enrique Lopez (A-072-241-167),

Petitioner,

v.

Warden of the California City Detention Facility, et al.,

Respondents.

No. 1:26-cv-01525 CSK

ORDER

Petitioner Cesar Enrique Lopez (A-072-241-167), a native of Mexico who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  In October 1996, petitioner was admitted to the United States as a lawful permanent resident.  On May 6, 2025, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officials.  ICE initiated removal proceedings against petitioner based on his criminal convictions.  This habeas action concerns petitioner's detention.

## I.    BACKGROUND

In October 1996, petitioner was admitted to the United States as a lawful permanent resident.  (ECF Nos. 8 at 1, 8-1 at 4.)  On March 8, 2007, petitioner was convicted of voluntary

---

[1]  The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (ECF No. 11.)

1

manslaughter in Los Angeles Superior Court in violation of California Penal Code § 192(a), and he was sentenced to 3 years in prison.  (ECF No. 8-1 at 8-18.)  On June 22, 2023, Petitioner was convicted of inflicting corporal injury on a spouse, cohabitant, fiancé, boyfriend, girlfriend, or child's parent in San Bernardino Superior Court in violation of California Penal Code § 273.5(a), and he was sentenced to 270 days in prison "eligible for County Jail Weekend/Work Release program" and three years of probation.[2]  (ECF No. 8-1 at 20-27.)

On May 6, 2025, petitioner was detained by ICE.  (ECF No. 1 at 6, 13; ECF No. 8-1 at 5.)  On May 7, 2025, petitioner was issued a Notice to Appear placing petitioner in removal proceedings and charging him with being subject to removal under Immigration and Nationality Act ("INA") section 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i), as having been convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment.  (ECF No. 8-1 at 30-32.)  On November 12, 2025, an immigration judge found petitioner was removable as charged and ordered his removal to Mexico.  (ECF No. 8-1 at 34-37.)  On December 3, 2025, the Board of Immigration Appeals ("BIA") received petitioner's appeal of his removal order, and his appeal to the BIA remains pending.  (ECF No. 8-1 at 39-41.)

On February 23, 2026, petitioner filed his petition for writ of habeas corpus, motion to proceed in forma pauperis, and motion for appointment of counsel.  (ECF Nos. 1, 2, 3.)  On February 25, 2026, the assigned district judge referred the matter to the assigned magistrate judge for further proceedings.  (ECF No. 6.)  On February 26, 2026, this Court granted petitioner leave to proceed in forma pauperis, set a briefing schedule, and informed the parties that the Court would defer ruling on petitioner's motion for appointment of counsel until after reviewing respondents' response to the petition.  (ECF No. 7.)  On March 5, 2026, respondents timely filed a response to the petition and a motion to dismiss the petition.  (ECF No. 8.)  Petitioner did not

---

[2]  Petitioner's allegations in the petition regarding these two criminal convictions are inconsistent with the government's allegations.  See e.g., ECF No. 1 at 6 (allegation that "the D.A. dismissed" his manslaughter charges).  Where the government's allegations regarding petitioner's criminal history are supported by state court records submitted with the government's response (see ECF No. 8-1 at 8-18, 20-27) and petitioner had an opportunity to respond to the government's submission but did not contest the government's allegations, the Court finds the 2007 and 2023 convictions as presented in this background section.

file a reply.  (See Docket.)  On March 17, 2026, a consent order issued reassigning this case to the undersigned for all purposes upon the consent of the parties.  (ECF No. 11.)  Briefing is now complete.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner challenges his continued detention as a violation of following the Fifth Amendment due process clause.  (ECF No. 1 at 18-19.)  Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) because his convictions for voluntary manslaughter and inflicting corporal injury on a spouse/cohabitant are "two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct" under 8 U.S.C. § 1227(a)(2)(A)(ii).  (ECF No. 8 at 2.)  As such, respondents argue that petitioner's detention is constitutional.  (Id. at 2-5.)

### A.    Due Process Claim

In analyzing petitioner's challenge to his detention, the court "must first  identify the statutory provision that purports to confer" authority for his detention.  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).  The Court accepts without deciding respondents' contention that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(B) because he is subject to

3

removal under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his two criminal convictions for crimes involving moral turpitude: California Penal Code § 192(a) for voluntary manslaughter and California Penal Code § 273.5(a) for inflicting corporal injury on a spouse or cohabitant. See Ortiz v. Garland, 25 F.4th 1223, 1227-28 (9th Cir. 2022) (holding California Penal Code § 192(a) voluntary manslaughter is a crime involving moral turpitude); Morales-Garcia v. Holder, 567 F.3d 1058, 1064-67 (9th Cir. 2009) (holding that spousal abuse under § 273.5 is a crime involving moral turpitude, but § 273.5 is not categorically a crime involving moral turpitude because the statute is broad and covers multiple types of relationships); see also Valdez v. Garland, 28 F.4th 72, 77 (9th Cir. 2022) (concluding certified criminal information and certified minute order from state court sentencing were proper conviction documents); 12/1/2020 Felony Complaint (certified complaint charging Lopez with a violation of § 273.5(a) for "willfully inflict[ing] corporal injury resulting in a traumatic condition upon Jane Doe, who was someone with whom the defendant had a dating relationship") (ECF No. 8-1 at 20-23); 6/22/2023 Minute Order (certified minute order from sentencing) (ECF No. 8-1 at 24-27).[3]  The Court also notes that petitioner is not detained pursuant to 8 U.S.C. § 1231(a) because his removal order is not administratively final where his appeal to the BIA is pending. See Ocampo v Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)) (an order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order."). Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States … therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69

---

[3]  The Court accepts without deciding the government's 8 U.S.C. § 1226(c)(1)(B) contention because the Court's ruling on the petitioner's due process claim is not dependent upon finding that petitioner is detained pursuant to § 1226(c)(1)(B). In addition, whether petitioner is detained pursuant to § 1226(c)(1)(B) is a complex determination and the record is not fully developed before this Court to make this determination. Further, the Court notes that while respondents cite to Cervantes v. Holder, 772 F.3d 583 (9th Cir. 2014), for the proposition that California Penal Code § 273.5(a) is a crime involving moral turpitude (see ECF No. 8 at 2), the government's citation suggests that all § 273.5(a) convictions are crimes involving moral turpitude. But the Ninth Circuit has held that § 273.5(a) is not categorically a crime involving moral turpitude, with some § 273.5(a) convictions qualifying as a crime involving moral turpitude and others may not. See Morales-Garcia, 567 F.3d at 1064-67. It is also unclear what the effect of Mathis v. United States, --- U.S. ----, 136 S. Ct. 2243 (2016), may be on this line of cases.

F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532.  In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)).

"Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention ... under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)).  "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation

5

adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5.  This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process.  See Keo v. Chestnut, et al., No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026);  Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law.  U.S. Const. amend. V.  "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection."  Foucha v. Louisiana, 504 U.S. 71, 80 (1992).  "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas, 533 U.S. at 693.  "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary."  Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim[4] "in two steps:  the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution."  Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)).  The Court concludes that petitioner has a protected liberty interest in his freedom from detention.  See Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months).  Petitioner has been detained over ten months since May 2025, and faces prolonged detention during his appeal to the BIA and further potential judicial review.  This also exceeds the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to

---

[4]  The Court notes that its due process analysis is not dependent on finding petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(B).

appeal." Demore, 538 U.S. at 530.

Next, the court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution. The Ninth Circuit has "regularly applied Mathews [v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal proceedings." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context). In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest.[5] Mathews, 424 U.S. at 335.

First, petitioner has a clear interest in remaining free from detention. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). While petitioner's detention for over ten months is not as lengthy as other similar cases, the length of future detention is unknown and indefinite where his appeal to the BIA is pending and briefing deadlines have not yet passed, he does not yet have a final removal order, further judicial review is available after the BIA appeal. (See ECF No. 8-1 at 39-41 (BIA received appeal on

---

[5] "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing." Mohammed v. Warden of California City Detention Center, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Matthews test to prolonged detention claim under § 1225(b)(1)). Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)). As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

December 3, 2025 and briefing is due March 31, 2026).)  In addition, the record before the Court does not indicate whether there have been any delays caused by either the petitioner or the government.  The first factor therefore weighs in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."  See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023).  Here, petitioner has been detained since May 2025 without a bond hearing to evaluate whether petitioner is a flight risk or a danger to the community.  It is not this Court's role to determine whether petitioner is a danger or flight risk, and a neutral arbiter may very well determine that petitioner is a danger given the seriousness of his underlying convictions that make him removable and his prior criminal history.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, but respondent's interest in detaining petitioner without a hearing is "low."  Ortega v. Bonnar, 415 F. Supp. 3d at 970; Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025).  Detention hearings in immigration courts are routine, and impose a "minimal cost."  Doe, 787 F. Supp. 3d at 1094.  Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where he has been detained for over ten months, his appeal to the BIA was recently filed and is still pending, and the length of his future detention is unknown where further judicial review is available and the removal order is not yet final.[6]  See also Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., No. 1:26-CV-0047-TLN-EFB, 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

---

[6]  Respondents note that if the petition is granted, the appropriate relief is a bond hearing and not release from detention.  (ECF No. 8 at 6-7.)  The Court agrees that release is not appropriate and orders a bond hearing.

**B.     Petitioner's Motion for Appointment of Counsel**

Petitioner filed a motion for appointment of counsel.  (ECF No. 3.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  Because the Court grants the petition, the Court does not find the interests of justice require appointment of counsel.  Petitioner's motion to appoint counsel is therefore denied.

**C.     Respondents' Motion to Dismiss**

For the reasons set forth above, respondents' motion to dismiss is denied.

## IV.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.   The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

2.   Respondents' motion to dismiss (ECF No. 8) is DENIED.

3.   Respondents are ordered to provide petitioner Cesar Enrique Lopez (A-072-241-167) with a bond hearing before a neutral decisionmaker within **fourteen (14) days of this order** where the government bears the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight.

4.   Because petitioner is proceeding pro se, respondents shall file a status report within seven (7) days from the date of the bond hearing.

5.   The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

Dated:  March 26, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/lope.1525.26.merits.

9